BOYDEN (UNITED STATES v.). See Case No. 14,632.

---

## Case No. 1,753.

### BOYER v. HERTY.

[1 Cranch, C. C. 251.] [1]

Circuit Court, District of Columbia. July Term, 1805.

#### BAIL—SURRENDER.

A surrender of the principal will not be received after the return term of the scire facias against the bail, nor will the proceedings be stayed upon producing a discharge of the principal under an insolvent law, at the third term after the return of the scire facias.

Motion to stay proceedings against bail, or to enter an exoneretur. The ca. sa. against [Owen] Roberts was returned "non est," to December term, 1803. On the 7th of Jan-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

uary, 1804, the law of Maryland was passed to discharge Roberts as an insolvent debtor. On the 27th January, 1804, the scire facias issued against the bail, returnable to July term, 1804, and was returned scire feci. In May, 1804, Roberts was discharged by the chancellor of Maryland.

Mr. Jones, for the defendant. The motion to the court is in lieu of an audita querela, and the court will decide upon equitable principles, and enter an exoneretur, nunc pro tunc. Humphry v. Leite, 4 Burrows, 2107. In Dodson v. King, Carth. 515, in debt against bail, upon their recognizance, they were relieved by having surrendered the principal, after non est returned on a ca. sa. against him, and before the return of the latitat upon which they were arrested. Bail has a right to bring in the principal on the return of the first scire facias executed or the second returned nihil; and although it is ex gratia, yet it has become a rule, and a right. If the principal be released under the bankrupt law of England, before the bail is fixed, an exoneretur will be entered. Cowp. 823; 1 Term R. 624. Bail cannot plead discharge of the principal, to a scire facias, but may show it on motion, in lieu of a surrender of the body. But the death of the principal, after return of ca. sa. against him, will not discharge the bail. Parry v. Berry, 2 Ld. Raym. 1452. In the case of Woolley v. Cobbe, 1 Burrows, 244, the final discharge was not obtained until execution against the bail. So in the case of Walker v. Giblett, 2 W. Bl. 811. In Donnelly v. Dunn, 1 Bos. & P. 448, and 2 Bos. & P. 47, the bail had no right to surrender, when the discharge was obtained, which differs that case from the present. The application is to the equity of the court, and is the customary mode adopted in lieu of bringing in the principal. Martin v. O'Hara, Cowp. 823.

The court will only exonerate where the bail have a right to discharge themselves by surrender. Southcote v. Braithwaite, 1 Term R. 624. But here the principal was discharged and the bail had a right to surrender him at the return of the scire facias.

THE COURT stopped Mr. Key, contra, and said that although the practice has made it law, yet it is still ex gratia, for the rule is well established that if the principal die after ca. sa. returned non est and before scire facias against the bail, yet the bail is fixed. Here the bail was fixed, and although he might surrender the principal at the first term upon the return of the scire facias, (and perhaps at that term the court might have entered an exoneretur while it was in the power of the bail to surrender,) yet the bail having neither surrendered the principal nor produced his certificate of discharge at that term, the application is now too late, this being the third term after the return of the scire facias.

The motion was overruled.